**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ALVIN ADAMS, III, | : | PRISONER CIVIL RIGHTS |
| GDC No. 765634, | : | 42 U.S.C. § 1983 |
|     Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
|     v. | : | 1:17-CV-465-TWT-JSA |
| | : | |
| WARDEN AHMED HOLT; | : | |
| SERGEANT SAMPSON; | : | |
| SERGEANT V. BREWTON; | : | |
| LIEUTENANT SULLIVAN, | : | |
|     Defendants. | : | |

**MAGISTRATE JUDGE'S FINAL ORDER AND REPORT AND**
**RECOMMENDATION**

Before the Court is Plaintiff Alvin Adams, III's *pro se* civil rights action filed pursuant to 42 U.S.C. § 1983. (Doc. 1). Leave for Plaintiff to proceed *in forma pauperis* [Doc. 2] is hereby **GRANTED** for the purpose of dismissal only. The matter is before the Court for a frivolity screening pursuant to 28 U.S.C. § 1915A.

I.    28 U.S.C. § 1915A Frivolity Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or

(3) seeks monetary relief against a defendant who is immune from such relief.  A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact."  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).  A district court also may dismiss a complaint if the alleged facts do not state a plausible claim for relief.  *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that:  (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law.  *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).  If a plaintiff cannot satisfy those requirements, or fails to provide factual allegations in support of the claim, the complaint may be dismissed.  *Id.* at 737-38.

II.   Discussion

A.   Plaintiff's Claims

Plaintiff has sued the warden and three correctional officers at Phillips State Prison, and complains that while he was transported to an outside hospital for

2

AO 72A
(Rev.8/82)

surgery, a cell phone was "planted" in his property.  He subsequently was given a disciplinary report and hearing without his advocate and was found guilty.

B.    Analysis

Other than complaining that a crime was committed against him, Plaintiff does not indicate how his constitutional rights were violated by the alleged "plant[ing]" of the cell phone in his property thereby "fram[ing]" him for illegal contraband, although he may be attempting to raise a due process claim. Regardless, Plaintiff has failed to raise a cognizable claim under § 1983.

To the degree that Plaintiff contends that his disciplinary proceedings violated his due process rights based on the failure to allow him to bring his prison advocate, any such contention does not state a viable claim since inmates only are entitled to certain due process rights in disciplinary proceedings when the loss of good-time credits is at stake.[1]  *Wolff v. McDonnell*, 418 U.S. 539, 556-58 (1974); *Smith v. Deemer*, 641 F. App'x 865, 867 (11th Cir. 2016) ("[W]hen a prisoner has

_____

[1] In *Wolff*, the Supreme Court held that prisoners facing the loss of good-time credits must have minimum requirements of due process: (1) advance written notice of the charges; (2) a written statement of the reasons for the disciplinary action taken; and (3) the opportunity to call witnesses and present evidence, when consistent with institutional safety and correctional goals.  *Wolff*, 418 U.S. at 558.

AO 72A
(Rev.8/82)

not lost any good-time credit (as here), *Wolff* does not apply."). Plaintiff indicates that he received no sanctions, let alone loss of good time credits, as punishment for possessing the allegedly planted contraband. Plaintiff's due process claim must thus be reviewed under *Sandin v. Conner*, 515 U.S. 472, 484 (1995), by which Plaintiff must show that he lost a liberty interest protected by the Due Process Clause. *See Sandin*, 515 U.S. at 484; *Smith*, 641 F. App'x at 865.

The test whether a convicted inmate has lost any such liberty interest "examines the hardship imposed on the inmate relative to the 'basic conditions' of prison life." *Sandin*, 515 U.S. at 484. Under this test, an inmate is entitled to procedural due process when: (1) "an increased restraint 'exceed[s] [his] sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force[; ]'" and/or (2) "when a change in his conditions of his confinement 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Jacoby v. Baldwin Cnty.*, 835 F.3d 1338, 1346-47 (11th Cir. 2016) (quoting *Sandin*, 515 U.S. at 484-5, 387). As Plaintiff alleges that did not receive any sanctions [Doc. 1 at 4], let alone sanctions that would pose an atypical and significant hardship on him in relation to the ordinary incidents of prison life, Plaintiff has failed to state a due process claim under

4

§ 1983. *See, e.g., Nelson v. Green*, No. 04-14933, 2005 WL 3116747, at *2 (11th Cir. Nov. 23, 2005) ("Nelson failed to allege in his complaint that he suffered any disciplinary action that was in excess of the sentence he was serving or was an atypical and significant hardship, and thus, his complaint failed to state an actionable claim under the standard set forth in *Sandin*.").

II.    <u>Conclusion</u>

Based on the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that this action be **DISMISSED** for failure to state a claim under 28 U.S.C. § 1915A.

**IT IS SO RECOMMENDED AND ORDERED** this 29th day of March, 2017.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)